UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MICHEL RODRIGUEZ,
and other similarly-situated individuals,

Plaintiff,

v.

826 OCEAN DRIVE, LLC
and STEFANO FRITTELLA
individually,

Defendants,
_______________________________________________/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b)

COMES NOW the Plaintiff MICHEL RODRIGUEZ and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants 826 OCEAN DRIVE, LLC and STEFANO FRITELLA and individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to Title 28 U.S.C. § 1337 and the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MICHEL RODRIGUEZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff was a covered employee for purposes of the Act.

3. Defendant 826 OCEAN DRIVE, LLC is a Florida corporation which has its place of business in Miami-Dade County within the jurisdiction of this Court. At all times material hereto Defendant was and is engaged in interstate commerce.
4. The individual Defendant STEFANO FRITELLA was and is now, Owner/Manager of 826 OCEAN DRIVE, LLC. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].
5. All the action raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

ALLEGATIONS COMMON TO ALL COUNTS

6. This cause of action is brought by Plaintiff as a collective action to recover from Defendants minimum and overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after June 2013, (the "material time") without being compensated minimum and overtime wages pursuant to the FLSA.
7. Corporate Defendant 826 OCEAN DRIVE, LLC (hereinafter 826 OCEAN DRIVE) is a restaurant located at 826 Ocean Drive, Miami Beach 33139. Defendant performed business under the name of Pelican Café.

8. Defendants 826 OCEAN DRIVE and STEFANO FRITELLA employed Plaintiff MICHEL RODRIGUEZ as waiter from approximately June 01, 2013 through June 8, 2015, or 105 weeks.
9. Plaintiff was a tipped hourly employee working a full time position of more than 40 hours in a week period.
10. Plaintiff worked 5 days per week, and he had a regular schedule. Usually Plaintiff had Tuesdays and Wednesdays off. On Mondays Plaintiff worked from 5:00 PM to 1:30 AM (8.5 hrs.); on Thursdays Plaintiff worked from 5:00 PM to 2:00 AM (9 hrs.); on Fridays Plaintiff worked from 5:00 PM to 2:30 AM (9.5 hrs.); on Saturdays Plaintiff worked from 5:00 PM to 2:30 AM (9.5 hrs.); and on Sundays Plaintiff worked from 5:00 PM to 2:00 AM (9 hrs.). Plaintiff did not take any lunch break and he totaled a minimum of 46 working hours every week.
11. During his employment with Defendants Plaintiff was paid with two methods.
12. **First method.-** Applied from the beginning of his employment, on or about June 1, 2013 to May 4, 2014, or 48 weeks.
13. Plaintiff was paid by the hour at the Florida minimum wage required for tipped employees or $4.77 for 2013, and $4.91 for the period of 2014, plus tips.
14. Upon information and belief, Plaintiff claims that during that period, Defendants improperly determined and imposed a 17% as tip in every customer bill, which constitute a mischaracterization of a service charge.
15. Additionally, Plaintiff claims that Defendants over reported the tips received by Plaintiff every week. Defendants reported the full amount of tips without deducting

Plaintiff's contribution to the tip pooling agreement, resulting in increased tax responsibilities for Plaintiff.

16. Plaintiff's claims that during the mentioned period, he worked a minimum of 46 hours in every workweek. However, Defendants failed to pay Plaintiff for every hour worked, and paid him for less than 40 hours in every week.

17. Consequently for this period, Plaintiff is owed full minimum wages for the hours that were not paid to him.

18. Based on some paystubs that Plaintiff kept, Defendants failed to pay Plaintiff for an average of 4.5 hours of Minimum wages weekly at the full rate of $7.25 x 48 weeks, resulting in the amount of $1,565.76.

19. In reference to overtime, Plaintiff worked a minimum of 46 hours weekly, but he was not paid for overtime hours. Therefore, based on the paystubs that Plaintiff kept, and if discovery reveals that the mandatory 17% imposed to customers' bill for this period is a legitimate tip, then Defendants failed to pay Plaintiff the amount of $2,519.64 as follows:

a) An average of overtime hours at the rate of $8.67 an hour for 30 weeks of overtime hours worked in 2013, or $8.67 O/T rate x 6 O/T hours weekly =$52.02 weekly x 30 weeks=$1,560.60.

b) An average of overtime hours at the rate of and $8.88 for overtime hours worked for 18 weeks of overtime hours worked in 2014, or $8.88 O/T rate x 6 O/T hours=$53.28 weekly x 19 weeks=$959.04[1]

[1] In Florida O/T for tipped employees is calculated at the rate of $7.79x1.5=$11.69-$3.02 Max. tip allowance=$8.67 O/T rate for 2013

20. If discovery confirms that the 17% was indeed a service charge, based on an average of the paystubs that Plaintiff kept, Plaintiff would be owed the amount of $2,586.24 as follows:

    Plaintiff's average wages: $826.10 weekly: 46 hours weekly=$17.96 an hour: 2= $8.98 half an hour; $8.98 x 6 O/T weekly hours= $53.88 weekly x 48 weeks=$2,586.24.

21. **Second Method of Payment**.- Applied from May 5, 2014 to June 8, 2015 or 57 weeks. During this period Plaintiff was paid entirely on commission bases, and he was not paid minimum wages for tipped employees or overtime hours.

22. As per Section 7 (i) of the FLSA, hotel, motels and restaurants may levy mandatory charges on customers for services. If part of those service charges are paid to service employees, that payment may be considered a commission, and if every requirement for this Retail exemption are met, the service employee, like Plaintiff may be exempt.

23. Supposedly under this method, Plaintiff resulted exempted from the overtime provisions of FLSA Section 7(i), as an employee paid commissions by a retail establishment, or Retail Exemption.

24. However, subject to discovery, Defendants did not meet the three conditions and other mandatory requirements for commissioned employees during, this period.

---

For 2014 O/T is calculated at the rate of $7.93x1.5=$11.90-$3.02 Max. tip allowance=$8.88.

25. Plaintiff did not maintain accurate records of hours worked by Plaintiff, since paystubs reflected less than 40 hours and Plaintiff worked consistently a minimum of 46 hours weekly.

26. Defendants improperly included tips in the "service charge" portion. A review of some of Plaintiff's paystubs for this period shows that if tips are deducted or separated from service charges, and divided by the total number of hours worked by Plaintiff, the result will be that Plaintiff's earnings were less than time and a half the minimum wage or $10.88 an hour.

27. As a result, all the requirements of Section the Section 7(i) has not been met and the exemption is not applicable. Overtime premium pay must be paid for all hours worked over 40 in a workweek at time and one-half the regular rate of pay.

28. Additionally, Plaintiff claims that Defendants over reported the tips received by Plaintiff every week. Defendants reported the full amount of tips without deducting Plaintiff's contribution to the tip pooling agreement, resulting in increased tax responsibilities for Plaintiff.

29. Defendants 826 OCEAN DRIVE and STEFANO FRITTELLA failed to pay Plaintiff MICHEL RODRIGUEZ minimum wages and overtime according to the provisions of the Fair Labor Standards Act. (FLSA).

30. Plaintiff MICHEL RODRIGUEZ seeks to recover the minimum wages and overtime hours that never were paid to him at the mandatory rate of time and a half his regular rate, liquidated damages and any other relief as allowable by law.

31. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid

minimum and overtime wages at the rate of time and one half of their regular rate of pay for any hour worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

32. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1-31 above as if set out in full herein.

33. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

34. Defendant 826 OCEAN DRIVE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an Italian restaurant. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employers/Defendants was at all times material hereto in excess of $500,000 per

annum. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

35. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a waiter that initiated credit card transactions and who through his multiples activities regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

36. Defendant 826 OCEAN DRIVE employed Plaintiff MICHEL RODRIGUEZ as waiter from approximately June 01, 2013 through June 8, 2015, or 105 weeks.

37. Plaintiff was a tipped hourly employee working a full time position of more than 40 hours in a week period. Plaintiff was a waiter performing the same or similar duties as that of those other similarly-situated restaurant employees who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

38. While employed by Defendant 826 OCEAN DRIVE, Plaintiff MICHEL RODRIGUEZ worked for up to 5 days per week, Plaintiff did not take any lunch break and he worked a minimum of 46 (Forty Six) hours per week without being properly compensated for overtime hours worked.

39. Plaintiff was employed as a waiter performing the same or similar duties as that of those other similarly-situated restaurant employees who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

40. During his employment Plaintiff was paid under two methods. In the first period, he was paid by the hour plus tips. However he was not paid for overtime hours.

During the second period, Plaintiff was paid commission under the Retail exemption of section 7 (i). However Defendant did not meet the requirements of section 7(i), and is not entitled to apply the exemption. Therefore, Defendant must pay Plaintiff for every O/T hour at the applicable rate of $10.88 an hour.

41. Plaintiff was paid bi-weekly with checks accompanied by paystubs reflecting only less than 40 hours per week. However, Plaintiff was required to work 72 hours per week without receiving extra payment for overtime hours.

42. Defendant failed to pay Plaintiff for overtime hours at the rate of time and a half his regular rate for every hour in excess of forty in a week period, as required by the Fair Labor Standards Act.

43. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

44. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

a. <u>Total amount of alleged unpaid wages</u>:

Six Thousand Two Hundred Forty Dollars and 60/100 ($6,240.60)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 105 weeks

Total relevant weeks of employment: 105
Total number of hours worked: 46 hours average weekly
Total number of overtime hours: 6 hours

i. **<u>Period from June 1, 2013 to December 30, 2013, or 30 weeks</u>**.

Paid $4.77 x hour plus tips

Florida minimum wage 2013: $7.79 x 1.5=$11.69 less $3.02 maximum tip credit = 8.67 O/T rate

$8.67 O/T rate x 6 O/T hours=$52.02 weekly x 30 weeks=$1,560.60

ii. **<u>Period from January 1, 2014 to May 4 2014, or 18 weeks</u>**.

Paid $4.91 x hour plus tips

Florida minimum wage 2014: $7.93 x 1.5=$11.90 less $3.02 maximum tip credit = 8.88 O/T rate
$8.88 O/T rate x 6 O/T hours=$53.28 weekly x 18 weeks=$959.04

iii. **<u>Period from May 5, 2014 to June 8 2015, or 57 weeks</u>**.

Paid service charge as commissions under Retail exemption. Defendant did not meet the requirements of section 7(i). Commissions divided by total amount of working hours = Regular rate

Minimum wage $7.25 x 1.5= $10.88 O/T rate.

$10.88 O/T rate x 6 O/T hours= $65.28 weekly x 57 weeks=$3,720.96

Total overtime i, ii, and iii = $6,240.60

c. <u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents the unpaid overtime.

45. At all times material hereto, the Employer/Defendant 826 OCEAN DRIVE failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by

the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

46. Defendant 826 OCEAN DRIVE knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

47. At the times mentioned, individual Defendant STEFANO FRITTELLA and was and is now, the owner/manager of 826 OCEAN DRIVE. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of 826 OCEAN DRIVE in relation to the employees of 826 OCEAN DRIVE, including Plaintiff and others similarly situated. Defendant STEFANO FRITTELLA had financial and operational control of the business, determined working conditions of Plaintiff, and is jointly liable for Plaintiff's damages.

48. Defendants 826 OCEAN DRIVE and STEFANO FRITTELLA willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remain owing Plaintiff these overtime wages, as set forth above.

49. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHEL RODRIGUEZ and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated and against the Defendants 826 OCEAN DRIVE and STEFANO FRITTELLA, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff MICHEL RODRIGUEZ actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff MICHEL RODRIGUEZ and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**COUNT II:**
**F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
**FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

51. Defendant 826 OCEAN DRIVE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).

Defendant is a restaurant. Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

52. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff was a waiter that initiated credit card transactions, and through his multiples activities regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is individual coverage.

53. This action is brought by Plaintiff MICHEL RODRIGUEZ to recover from the Employer unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day.

54. Defendant 826 OCEAN DRIVE employed Plaintiff MICHEL RODRIGUEZ as waiter from approximately June 01, 2013 through June 8, 2015, or 105 weeks.

55. For the period beginning June 01, 2013 to May 4, 29014 or 48 weeks, Plaintiff was a tipped, hourly employee working a full time position of more than 40 hours in a week period. Plaintiff was a waiter performing the same or similar duties as that of those other similarly-situated restaurant employees who Plaintiff observed worked in excess of 40 hours per week without being paid minimum wages for all working hours.

56. While employed by Defendant 826 OCEAN DRIVE, Plaintiff MICHEL RODRIGUEZ worked for up to 5 days per week, Plaintiff did not take any lunch break and he worked a minimum of 46 (Forty Six) hours per week without being properly compensated for every hour worked.

57. Even though Plaintiff punched in and out, his paystubs mostly reflected less than 40 working hour per week and he was always paid less than 40 hours. There is a substantial amount of hours that never were paid to Plaintiff.

58. Defendant 826 OCEAN DRIVE failed to pay Plaintiff MICHEL RODRIGUEZ minimum wages according to the provisions of the Fair Labor Standards Act. (FLSA).

59. Plaintiff is owed an average of 4.5 regular hours in every workweek.

60. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff.

61. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

62. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation and that these figures are subjected to modification as discovery could dictate. After Defendant produce time records and paystubs, calculations will be modify accordingly.

a. Total amount of alleged unpaid wages:

One Thousand Five Hundred Sixty Five Dollars and 76/100 ($1,565.76)

b. Calculation of such wages:

Total relevant weeks of employment: 48 weeks
Total hours worked: 40 hours per week
Total of average unpaid regular hours 4.5 weekly

**Period from June 1, 2013 to May 4, 2014, or 48 weeks**.

Federal minimum wage 2013, 2014: $7.25
$7.25 x 4.5 unpaid hours=$32.62 weekly x 48 weeks=$1,565.76

c. Nature of wages:

This amount represents unpaid Federal minimum wages.

63. Defendant 826 OCEAN DRIVE unlawfully failed to pay minimum wages to Plaintiff. Plaintiff seeks to recover any unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

64. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiff these minimum wages since the commencement of Plaintiff employment with Defendant as set forth above, and Plaintiff is entitled to recover double damages.

65. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

66. At the times mentioned, individual Defendant STEFANO FRITTELLA was and is now, the Owner/manager of 826 OCEAN DRIVE. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of 826 OCEAN DRIVE in relation to the employees of 826 OCEAN DRIVE, including Plaintiff and others similarly situated. Defendant STEFANO FRITTELLA had operational and financial control of the businesses, determined terms and conditions of Plaintiff's employment and he is jointly liable for Plaintiff's damages.

67. Defendants 826 OCEAN DRIVE and STEFANO FRITTELLA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States, and remain owing Plaintiff these minimum wages as set forth above.

68. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHEL RODRIGUEZ respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against the Defendants 826 OCEAN DRIVE and STEFANO FRITTELLA on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

JURY DEMAND

Plaintiff MICHEL RODRIGUEZ and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated: November 23, 2015

Respectfully submitted,

By: **_/s/ Zandro E. Palma____**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*